1  Nathan Camuti (SBN 300568)
2  Andrew Cowan (SBN 356310)
   CAMUTI LAW GROUP APC
3  33 Brookline
4  Aliso Viejo, CA 92656
   Telephone: 949.716.5565
5  nate@camutilaw.com
6  andrew@camutilaw.com

7  *Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGAS CORP. d/b/a 670 ROCKSTEADY SHOP, A Northern Mariana Islands corporation; MAY ANN CABRERA, an individual; NICOLLETE VILLAGOMEZ, guardian ad litem for K.C. & R.C.; ESTATE OF FRANCISCO DELEON GUERRERO CABRERA;<br><br>Plaintiffs,<br><br>v.<br><br>MAGAS ORIGINALS LLC, a California limited liability company; KEITH DUENAS, an individual; and DOES 1 through 10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR LEGAL AND EQUITABLE RELIEFS CLAIMING:**<br>1. **FEDERAL SERVICE MARK INFRINGEMENT;**<br>2. **FEDERAL UNFAIR COMPETITION;**<br>3. **FEDERAL FALSE DESIGNATION OF ORIGIN;**<br>4. **STATE UNFAIR COMPETITION; AND**<br>5. **COMMON LAW TRADEMARK INFRINGEMENT.**<br><br>**DEMAND FOR JURY TRIAL** |

1  Plaintiffs MAGAS CORP. d/b/a 670 ROCKSTEADY SHOP, A Northern Mariana Islands corporation; MAY ANN CABRERA, an individual; NICOLLETE VILLAGOMEZ, guardian ad litem for K.C. & R.C.; and ESTATE OF FRANCISCO DELEON GUERRERO CABRERA (collectively, Plaintiffs), for their complaint against the Defendants, MAGAS ORIGINALS LLC, a California limited liability company; and KEITH DUENAS, an individual, and DOES 1 through 10, inclusive (collectively, Defendants), allege as follows:

## PARTIES

1. Plaintiff MAGAS CORP. d/b/a 670 ROCKSTEADY SHOP (Plaintiff) is a corporation under the laws of the Northern Mariana Islands with its principal place of business at PO Box 505727 Middle Rd., Gualo Rai, Saipan 96950, Northern Mariana Islands.

2. Plaintiff MAY ANN CABRERA is an individual residing in the Northern Mariana Islands.

3. Plaintiff NICOLLETE VILLAGOMEZ, as guardian ad litem for K.C. & R.C., is an individual residing in the Northern Mariana Islands.

4. Plaintiff ESTATE OF FRANCISCO DELEON GUERRERO CABRERA is the estate of an individual residing in the Northern Mariana Islands until their passing, represented by its executor May Ann Cabrera.

5. On information and belief, the Defendant Magas Originals LLC (MO) is a California limited liability company with its principal place of business at 44941 Trotsdale Dr., Temecula, CA 92592, United States.

6. On information and belief, the Defendant Keith Duenas (Duenas) is an individual residing at 44941 Trotsdale Dr., Temecula, CA 92592, United States.

7. Plaintiffs are currently unaware of the true names and capacities, whether corporate, associate, individual, or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to assert

the true names and capacities of the fictitiously named Defendants when the same has been ascertained. Plaintiffs are informed and believe, and thereon allege, that each Defendant designated as a "DOE" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages, and liabilities hereinafter alleged and caused injuries and damages proximately caused thereby to Plaintiffs, as hereinafter alleged.

8. Whenever and wherever appearing in this Complaint, each and every reference to defendant, DEFENDANT, DEFENDANTS, and any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them, named and unnamed, including all fictitiously named Defendants, unless said reference is otherwise specifically qualified.

9. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

10. Plaintiffs are informed and believe, and on that basis allege, that Defendants' unlawful conduct delineated in this Complaint actually and proximately caused Plaintiffs' damages, for which Defendants, each of them including DOES 1 through 10 inclusive, are jointly and severally liable.

11. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendants, each of them, including DOES 1 through 10, inclusive, were an owner, a co-owner, an agent, representative, partner, and/or alter ego of its co-defendants, or otherwise acting on behalf of each and every remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authorities as an owner, co-owner, an agent, representative, partner, employee, supervisor, and/or alter ego of its co-defendants, and at all times herein mentioned, working in concert with his or her co-defendants and was acting with the permission, consent of, and ratification, in concert with, and in conspiracy with, each and every one of the remaining Defendants.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over the Counts 1 through 3 of this Complaint pursuant to 15 U.S.C. §1121 et seq., and 28 U.S.C. §§ 1331, and 1338.

13. This Court has supplemental jurisdiction over Counts 4 and 5 of this Complaint pursuant to 28 U.S.C. §§ 1338 and 1367 as they relate to trademarks, patents, plant variety protection, or copyrights, and arise under the same nucleus of operative facts as the federal causes of action, and therefore are part of the same case or controversy as the federal causes of action.

14. This Court has personal jurisdiction over Defendants because they reside in the State of California and are subject to personal jurisdiction in this district by their presence in the district and their infringing activities in this district.

15. Venue is proper in this judicial district, under 28 U.S.C. § 1391, because this is the judicial district in which a substantial part of the events giving rise to Plaintiffs' claims have occurred.

## FACTUAL BACKGROUND

16. Plaintiffs specialize in art and apparel featuring designs and motifs inspired by the culture, people, and life of the Northern Mariana Islands. Plaintiffs' goods include blouses, short-sleeved and long-sleeved t-shirts, sweat shirts, t-shirts, baseball caps, and tank tops (Plaintiffs' Goods), which have been continuously provided by Plaintiffs since at least as early as June 7, 2007. Accordingly, Plaintiffs have established a formidable reputation and amassed significant goodwill in the marketplace for Plaintiffs' Goods.

17. Attached as Exhibit A is a true and correct copy of an example of some of Plaintiffs' Goods as advertised and sold on Plaintiffs' website. As displayed, the word "MAGAS" features prominently in both Plaintiffs' Goods and Plaintiffs' branding.

18. "MAGAS" is a Chamorro word that means chief, boss, master, manager, or to be master.

19. As shown below, Plaintiffs are the owner of and rely on United States

Trademark Registration No. 3566485 ('485 Reg.) for the stylized trademark 'MAGAS STRESSFREE C.N.M.I. COMPANY' in International Class 025 for goods in the nature of blouses, short- and long-sleeved t-shirts, sweatshirts, t-shirts, baseball caps, and tank tops.



20. On October 16, 2024, Plaintiffs filed U.S. Trademark Application Serial No. 98805022 ('022 App.) with the United States Patent and Trademark Office for the word mark "MAGAS" in International Class 025 for tank tops, baseball caps, sweat shirts, blouses, shirts and short-sleeved shirts.

21. Plaintiffs' prominent and longstanding use of the mark "MAGAS" has established Plaintiffs' common law rights in the mark, and the mark has been continuously used since at least as early as June 7, 2007.

22. Plaintiffs' registered and common law trademarks involving the term "MAGAS" are widely recognized by consumers in the United States, Guam, and the Northern Mariana Islands due to Plaintiffs' continuous presence, marketing, promotion, and sales in physical locations and on the Internet.

23. Plaintiffs have never authorized, allowed, licensed, or otherwise permitted any third-party individual or entity to use their registered and common law trademarks involving the word "MAGAS" in connection with any goods or services.

24. On information and belief, Defendants are also in the business of selling apparel. On information and belief, Defendants also sell apparel that bears a mark prominently featuring the word "MAGAS". Attached as Exhibit B and Exhibit C are true and correct copies of screenshots of one such product as it is advertised for sale on Defendants' website. The screenshots display Defendants' copyright for the website as 2024.

25. On information and belief, Defendants are junior users of the "MAGAS" mark. Attached as Exhibit D is a true and correct copy of the Articles of Organization for Defendant MO, downloaded from the California Secretary of State's website. The filing date is listed as June 8, 2020.

26. Plaintiffs allege that Defendants' use of the mark bearing the word "MAGAS", as depicted above in ¶21, is likely to cause consumer confusion, mistake, or deceive the trade and consumers into believing that Defendants' goods originate with Plaintiffs or are otherwise authorized, licensed, or sponsored by Plaintiffs.

27. Defendants' website offers numerous items of apparel bearing a mark prominently containing the word "MAGAS". Defendants' domain name prominently displays the same term. Plaintiffs assert that the goods and services offered by Defendants are highly related to the ones offered by Plaintiffs and listed in Plaintiffs' '485 Reg. and '022 App. (collectively, Plaintiff's Marks), potentially leading to consumer confusion.

28. The goods and services offered by Defendants are also within Plaintiffs' reasonable zone of expansion, further increasing the likelihood of confusion should Plaintiffs expand to offering those goods and services.

29. Prior to the initiation of this litigation, Plaintiffs' sent Defendants a cease-and-desist letter describing Plaintiffs' intellectual property rights, senior use, and ownership of Plaintiffs' Marks. Defendants acknowledged receiving the letter. Accordingly, Defendants have actual knowledge of Plaintiffs' intellectual property rights in Plaintiffs' Marks involving the word "MAGAS".

30. Despite having actual knowledge of Plaintiffs' intellectual property rights, Defendants have willfully continued their conduct, thus intentionally, deliberately, and willfully engaging in infringing actions upon Plaintiffs' common law and registered trademarks. Specifically, Defendants, without the consent and/or authorization of Plaintiffs, have intentionally, deliberately, and willfully used and/or otherwise exploited Plaintiffs' Marks and/or a confusing variation thereof, in commerce, in an effort to

advertise, promote, market, solicit, and sell Defendants' goods.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

31. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. Without Plaintiffs' consent or authorization, Defendants have used in connection with the sales, promotions, offerings, and advertisement of Defendants' goods and services, that are likely to cause confusion with Plaintiffs' Marks, in which Plaintiffs have senior and priority rights over Defendants, and/or marks that are likely to cause mistake or deception in the minds of consumers as to affiliation, relation, or association of Plaintiffs with Defendants or as to the origin, sponsorship, or approval by Plaintiffs of Defendants goods and services. Defendant has thus infringed Plaintiffs' trademark.

33. These acts of trademark infringement have been committed with actual and constructive knowledge of Plaintiffs' prior and superior rights in Plaintiffs' Marks, with the intent to cause confusion, mistake, or deception, including Plaintiffs' '485 Reg. and App '022. Defendants' acts, therefore, violate 15 U.S.C. § 1114.

34. As a direct and proximate result of Defendants' infringing activities, Plaintiffs have suffered and will continue to suffer significant damage in the form of loss of revenue, income, profits, and goodwill, which will increase if not enjoined, and Defendants have unfairly acquired and will continue to unfairly acquire revenue, income, profits, and goodwill at Plaintiffs' expense.

35. Defendants' trademark infringement will also continue to cause irreparable harm if Defendants are not restrained by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law for all of the harm being caused to Plaintiffs, particularly in respect of the loss of Plaintiffs' goodwill, market share, and mark and brand control due to Defendants' infringement. Plaintiffs are therefore entitled to and seek temporary and permanent injunctive relief.

36. Defendants' infringement of Plaintiffs' Marks as alleged hereinabove is an exceptional case and was willful and intentional, entitling Plaintiffs to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under §§ 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)(1)(A)

37. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 36 of this Complaint as though fully set forth herein.

38. Defendants' unauthorized use in commerce of Plaintiffs' Marks and/or a confusingly similar variation thereof as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with or sponsored by Plaintiffs.

39. Defendants' unauthorized use in commerce of the Plaintiffs' Marks and/or a confusingly similar variation thereof as alleged herein constitutes unfair competition and a misleading description and representation of fact.

40. Upon information and belief, Defendants' conduct as alleged herein is willful, is intended to, and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs.

41. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

42. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this Court. Plaintiffs have no adequate remedy at law.

43. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under §§ 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III

## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(B)

44. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. Defendants' unauthorized use in commerce of the Plaintiffs' Marks and/or a confusingly similar variation thereof as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' alleged goods and services, and likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with or sponsored by Plaintiffs.

46. Defendants' unauthorized use in commerce of Plaintiffs' Marks and/or a confusingly similar variation thereof as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

47. Upon information and belief, Defendants' conduct as alleged herein is willful, is intended to, and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs.

48. Defendants' conduct as alleged herein constitutes false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

49. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

50. Plaintiffs are entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable

attorneys' fees, and costs of the action under §§ 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT IV

## UNFAIR COMPETITION UNDER Cal. Bus. & Prof. Code § 17200, et seq.

51. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52. By engaging in the acts and practices as alleged throughout this Complaint, Defendants have committed acts of unfair competition, as that term is defined and used in the Cal. Bus. & Prof. Code §17200, et seq., which prohibits "any unlawful, unfair, or fraudulent business act or practice…"

53. Under California law, a business practice is unlawful if it is forbidden by law.

54. Under the UCL, whether a business practice is "fair" involves a balancing of the impact of such conduct on its alleged victims versus the reasons, justification, and motive of the alleged wrongdoer.

55. Plaintiffs are within the class intended to be protected by California Business and Professions Code §17200.

56. As alleged throughout this Complaint, Defendants, and each of them, have intentionally, deliberately, and willfully engaged in infringing actions upon Plaintiffs' Marks, and longstanding common law trademark "MAGAS", without the express authorization and/or consent of Plaintiffs. Specifically, Defendants, without the consent and/or authorization of Plaintiffs, have intentionally, deliberately, and willfully used and/or otherwise exploited Plaintiffs' Marks, longstanding common law trademark "MAGAS", and/or confusing variations thereof, in commerce, in an effort to advertise, promote, market, solicit, and sell Defendants' goods and services.

57. Additionally, as delineated herein, Defendants have intentionally, deliberately, and willfully copied and/or otherwise used Plaintiffs' Marks, longstanding common law trademark "MAGAS", and/or confusingly similar variations thereof in

connection with their efforts to advertise, promote, market, solicit, and sell their competing good and services.

58. Such acts as delineated within this Complaint, taken cumulatively, against Defendants rise to the level of deceptive, unfair, unlawful, and wrongful conduct.

59. By reason of Defendants' deceptive, unfair, unlawful, and wrongful conduct, Defendants have violated California Business and Professions Code §17200, by consummating an unlawful, unfair, and fraudulent business practice, designed to intentionally deceive the consuming public into believing that Defendants and the services being offered in commerce by Defendants are endorsed by and/or otherwise affiliated with Plaintiff.

60. Specifically, as a consequence of Defendants' acts and omissions, Plaintiffs are entitled to a preliminary and permanent injunction against Defendants restraining them, and each of them, from the misappropriation and false utilization of Plaintiffs' Marks, and common law trademark "MAGAS" as well as any confusingly similar variations thereof from any further effort, publication, or act and omission which has the effect of leading Plaintiffs' customers and the general public into believing there is any affiliation of any kind whatsoever between Plaintiffs and Defendants.

61. The actions of Defendants are willful and malicious. Therefore, Plaintiffs are entitled to exemplary damages in an amount necessary and sufficient to ensure that no further incidents, replication, or similar occurrence regarding the rights of Plaintiffs occur at any time in the future and is a message that such obstinate and despicable conduct is not tolerated in a civilized society.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

62. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63. Plaintiffs have established significant goodwill and favorable public

recognition in Plaintiffs' Marks and its common law trademark rights in "MAGAS" through extensive use of the marks throughout California and in commerce in connection with Plaintiffs' Goods.

64. Without Plaintiffs' consent, authorization, or knowledge, Defendants have used and continues to use Plaintiffs' Marks and/or a confusingly similar variation thereof in connection with the sale, offering for sale, distribution, provision, or advertising of their goods and services, thereby trading upon the goodwill associated with Plaintiffs, and misleading the public into believing a connection or association exists between Defendants and Plaintiffs.

65. Defendants acts of infringement have caused and are likely to cause consumer confusion and to mislead and deceive the consuming public as to the source of Defendants unauthorized goods or services, enable Defendants to pass off their unauthorized goods or services as Plaintiffs' goods or services, and falsely suggest a connection between Defendants and Plaintiffs. Defendants' actions thus violate the common law of the State of California.

66. As a direct and proximate result of Defendants' infringing activities, Plaintiffs have suffered and will continue to suffer significant damage in the form of loss of revenue, income, profits, and goodwill, which will increase if not enjoined, and Defendants have unfairly acquired and will continue to unfairly acquire revenue, income, profits, and goodwill and unjustly enrich themselves at Plaintiffs' expense.

67. Defendants' trademark infringement will also continue to cause irreparable harm if Defendants are not restrained by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law for all of the harm being caused to Plaintiffs, particularly in respect of the loss of Plaintiffs' goodwill, market share, and mark and brand control due to Defendants' infringement. Plaintiffs are therefore entitled to and seek temporary and permanent injunctive relief.

68. Defendants' infringement was and is tortious, malicious, outrageous, oppressive, fraudulent, made in bad faith, and in conscious disregard of Plaintiffs'

rights. Accordingly, in addition to general and compensatory damages, Plaintiffs should be awarded exemplary, punitive, and treble damages sufficient to punish and make an example of Defendants.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as follows:

1. A judgment that DEFENDANTS have infringed PLAINTIFFS' registered trademark;

2. A judgment that DEFENDANTS have willfully infringed PLAINTIFFS' registered trademark;

3. A judgment that DEFENDANTS' willful actions render this case an exceptional case as described in 15 U.S.C. § 1117 and that PLAINTIFFS are therefore entitled to recover treble damages, costs, and attorneys' fees as predicated by the Lanham Act.

4. A preliminary and permanent injunction enjoining DEFENDANTS and their agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with DEFENDANTS, and its parent organizations, subsidiaries, divisions, successors and assigns, and any person having knowledge of such injunction from:

   a. using any reproduction, counterfeit, copy, or colorable imitation of PLAINTIFFS' registered mark in connection with selling goods or providing services not authorized by PLAINTIFFS;

   b. engaging in any course of conduct likely to cause confusion, deception, or mistake, to weaken the distinctive quality of PLAINTIFFS' Marks, or injure or diminish the goodwill of PLAINTIFFS' Marks;

   c. further infringing PLAINTIFFS' Marks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying, or otherwise disposing of any goods or services not authorized by PLAINTIFFS that bear any simulation, reproduction, counterfeit, copy, or colorable imitation of PLAINTIFFS' Marks;

      d. using any simulation, reproduction, counterfeit, copy or colorable imitation of PLAINTIFFS' Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized goods or services in such fashion as to relate or connect, or tend to relate or connect, such goods or services in any way to PLAINTIFFS, or to any services offered, sponsored, or approved by or connected with PLAINTIFFS;

      e. engaging in any conduct constituting an infringement of PLAINTIFFS' Marks, of PLAINTIFFS' rights in, or to use or to exploit its marks or constituting any weakening of PLAINTIFFS' Marks or the goodwill symbolized therein;

      f. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (e);

5. An order directing that this Court retain jurisdiction of this action for the purpose of enabling PLAINTIFFS to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof;

6. An Order directing DEFENDANTS to file with this Court and serve on PLAINTIFFS' counsel within 30 days after service of an injunction a report under oath setting forth in detail the manner and form in which DEFENDANTS have complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

7. A judgment awarding PLAINTIFFS all damages adequate to compensate for DEFENDANT's infringement of PLAINTIFFS' Marks;

8. A judgment awarding PLAINTIFFS actual damages suffered by PLAINTIFFS as a result of DEFENDANTS' unlawful conduct, in an amount to be proven at trial;

9. An accounting of DEFENDANTS' profits pursuant to 15 U.S.C. § 1117;

10. A judgment trebling any damages awarded pursuant to 15 U.S.C. § 1117;

11. A judgment awarding PLAINTIFFS punitive damages;

12. Restitution for DEFENDANTS' unjust enrichment as a result of the conduct complained of herein, including disgorgement of wrongfully obtained profits and any other appropriate relief;

13. Pre-judgment and post-judgment interest on the above damage awards as authorized by law;

14. Costs of suit and reasonable attorneys' fees as provided by law; and

15. Any other remedy to which PLAINTIFFS may be entitled, including all remedies provided for in 15 U.S.C. § 1117, and any other federal or applicable state law.

Respectfully submitted:

Dated: January 31, 2025

By: /s/ Andrew Robert Cowan
Andrew R. Cowan, Esq.
CAMUTI LAW GROUP APC
33 Brookline
Aliso Viejo, CA 92656
andrew@camutilaw.com
Telephone: 949.716.5565

*Attorneys for Plaintiffs*